UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN H. VILLAREAL; LORENA VILLAREAL,<br><br>Plaintiffs,<br><br>v.<br><br>SENECA MORTGAGE SERVICING, LLC; U.S. BANK, N.A.; and DOES 1 – 20, inclusive,<br><br>Defendants. | Case No. 1:15-cv-01400-EPG<br><br>**ORDER RE: DEFENDANT'S MOTION TO DISMISS**<br><br>(ECF No. 8) |

## I. INTRODUCTION

On September 16, 2015, Plaintiffs Juan and Lorena Villareal ("Plaintiffs") filed a Complaint against Defendants Seneca Mortgage Servicing, LLC and U.S. Bank, N.A. ("Defendants"). (ECF No. 1.) The Complaint alleges that Defendants foreclosed on property owned by Plaintiffs after Plaintiffs had filed for bankruptcy.[1] On December 7, 2015, Defendant filed a Motion to Dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 8.) Plaintiffs filed an untimely opposition brief in response to the Motion and Defendants filed a reply brief. (ECF Nos. 12, 13.) Plaintiffs then filed an "Amended Opposition" to the

---

[1] Plaintiffs previously filed suit against Seneca Mortgage in 2014, alleging that Seneca Mortgage engaged in fraudulent loan modification practices while initiating foreclosure proceedings. That complaint was dismissed without leave to amend on July 9, 2015. *See Villareal v. Seneca Mortgage Services et al.*, Case No. 1:14-cv-02033-MCE-GSA.

1

Motion. (ECF No. 17.) After reviewing the Amended Opposition brief, Defendants elected to stand on the arguments they had proffered in their original Reply Brief. (ECF No. 21.)

## II. BACKGROUND

This case arises out of the default by Plaintiffs on a home loan. On May 17, 2008, Plaintiffs obtained a loan in the amount of $162,450 from Countrywide Bank, FSB. The loan was secured by a piece of property located at 926 East Tulare Avenue, Earlimart, California 93219.[2] By February 2010, Plaintiffs were having difficulty making the payments on the loan and a notice of default was issued. Over the next four years, the deed of trust was assigned to various successive parties and numerous notices of default were issued and then rescinded. The most recent Notice of Default and Election to Sell was recorded on May 29, 2014 at the request of trustee Carrington Foreclosure Services, LLC and indicates arrearages of $68,879.40.

A Notice of Trustee's Sale was recorded on September 4, 2014. On September 29, 2014, Plaintiff Juan Villareal filed a Chapter 7 petition in the United States Bankruptcy Court for the Eastern District of California. The petition was dismissed on October 17, 2014 after Plaintiff failed to file the required documents. Fourteen days later, Plaintiff Lorena Villareal filed a Chapter 7 petition. That petition was dismissed on November 12, 2014 after Plaintiff failed to file the required documents. Twenty days later, Plaintiff Juan Villareal filed a Chapter 13 petition, which was dismissed on December 19, 2014 because Plaintiff again failed to file the required documents. On May 11, 2015, Plaintiff Juan Villareal again filed a Chapter 7 petition. The trustee's sale finally proceeded on May 13, 2015. Defendant U.S. Bank now holds the Deed Upon Sale. On June 10, 2015, Plaintiff's Chapter 7 petition was dismissed for failure to file the required documents.[3]

Plaintiffs' Complaint contains six causes of action:

---

[2] The address on the deed of trust was later modified to reflect the address as 926 East Tulare *Street*.
[3] Plaintiffs' failures to comply with court orders and instructions are not restricted to their bankruptcy cases. Plaintiffs initially filed the instant Complaint listing an invalid service address. On no fewer than five occasions since this case was filed, Plaintiffs have been instructed, either via order or verbal instructions from chambers staff, to update their mailing address so that the Court can properly serve them. In response to these instructions, Plaintiffs filed a single Notice of Change of Address (ECF No. 16), which also provided an invalid mailing address. At the hearing on the Motion to Dismiss, the Court instructed Plaintiffs to file a written notice of their address within five days. Plaintiffs did not do so.

2

1. The First Cause of Action, alleging that Defendants "attempted and purported to sell" the property at 926 East Tulare Street in violation of an automatic bankruptcy stay imposed by 18 U.S.C. 362(a);
2. The Second Cause of Action, alleging that, because the trustee's sale of the property violated the stay, the Deed Upon Sale is void;
3. The Third Cause of Action, to quiet title based on the violation of the stay;
4. The Fourth Cause of Action, alleging that Defendants have slandered Plaintiffs' title by causing an invalid Notice of Default to be recorded against the property;
5. The Fifth Cause of Action, alleging a breach of the implied covenant of good faith and fair dealing because Defendants conducted a trustee's sale of the property while the automatic stay was in place; and,
6. The Sixth Cause of Action, alleging a violation of California Business and Professions Code § 17200.

Defendants' Motion to Dismiss came on for hearing on February 19, 2016 at 10:00 a.m. Plaintiffs Juan and Lorena Villareal appeared telephonically and Defendants appeared telephonically through counsel Todd Chvat of Wright, Finlay & Zak, LLP. All parties consented to have a United States Magistrate Judge conduct all proceedings in their case under 28 U.S.C. § 636(c)(1). (ECF Nos. 19, 22, 23.) After reviewing the briefing and for the reasons set forth below and on the record at the hearing, the Court determines that Defendants' Motion will be GRANTED and the Complaint will be DISMISSED WITHOUT LEAVE TO AMEND.

**III.    REQUEST FOR JUDICIAL NOTICE**

Defendants request the Court take judicial notice of the following documents maintained in the Official Records of Tulare County and the U.S. Bankruptcy Court, Eastern District of California; Deed of Trust, recorded on June 9, 2008; Loan Modification Agreement to the Deed of Trust, recorded on August 29, 2008; Notice of Default and Election to Sell Under Deed of Trust, recorded on February 3, 2010; Substitution of Trustee and Assignment of Deed of Trust, recorded March 5, 2010; Notice of Rescission of Declaration of Default and Demand for Sale and of Notice of Default, recorded May 5, 2011; Notice of Default and Election to Sell Under Deed of

3

Trust, recorded April 23, 2012; Notice of Rescission of Declaration of Default and Demand for Sale and of Notice of Default and Election to Sell, recorded July 18, 2013; Corporation Assignment of Deed of Trust, recorded February 14, 2014 (#2014-0007951); Corporation Assignment of Deed of Trust, recorded February 14, 2014 (#2014-0007952); Substitution of Trustee, recorded February 14, 2014; Notice of Rescission of Notice of Default, recorded May 29, 2014; Notice of Default and election to Sell Under Deed of Trust, recorded May 29, 2014; Notice of Trustee's Sale, recorded September 4, 2014; Trustee's Deed Upon Sale, recorded May 27, 2015; Docket for U.S. Bankruptcy Court, Eastern District of California Case No. 14-14786; Order Dismissing Case for Failure to Timely File Documents in Case No. 14-14786; Docket for U.S. Bankruptcy Court, Eastern District of California Case No. 14-15322; Order Dismissing Case for Failure to Timely File Documents in Case No. 14-15322; Docket for U.S. Bankruptcy Court, Eastern District of California Case No. 14-15773; Order Dismissing Case for Failure to Timely File Documents in Case No. 14-15773; and Docket for U.S. Bankruptcy Court, Eastern District of California Case No. 15-11903. (Request for Judicial Notice in Support of Defendant's Motion to Dismiss Plaintiffs' Complaint, Exhs. 1 - 22, ECF No. 9-1.)

Courts may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Plaintiffs do not argue that the request for judicial notice should be denied. All the documents attached by Defendant are public records or court documents and the Court takes judicial notice of them. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 fn. 9 (9th Cir. 2012); *U.S. v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (courts may "take judicial notice of 'matters of public record'" and consider them when ruling on a Rule 12(b)(6) motion.).

**IV.   LEGAL STANDARDS FOR A MOTION TO DISMISS**

To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has

4

acted unlawfully," and "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899-900 (9th Cir. 2007). Legally conclusory statements, not supported by actual factual allegations, need not be accepted. *Ashcroft*, 556 U.S. at 678-79. A court may, however, consider documents other than the complaint when they are judicially noticeable under Federal Rule of Evidence 201 or where "no party questions their authenticity and the complaint relies on those documents." *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

**V. DISCUSSION**

Defendants move to dismiss the Complaint on the grounds that: (1) under the United States Bankruptcy Code, no automatic stay went into effect after Plaintiff filed his third bankruptcy petition and thus the claims in the Complaint have no basis; and (2) Plaintiffs' causes of action are untenable and unsupported as a matter of law. Plaintiffs' opposition brief addresses the automatic stay issue and responds to some, but not all, of Defendants' other arguments.

**A. The Scope of the Bankruptcy Automatic Stay**

Ordinarily, the United States Bankruptcy Code imposes an automatic stay on litigation pursued against a debtor or the property of a debtor after a bankruptcy petition is filed. 11 U.S.C. § 362(a). The automatic stay is intended to "give[ ] the debtor a breathing spell from his creditors during which the debtor can try to reorganize" and "prevent[ ] creditors from pursuing, to the detriment of other creditors, their own remedies against the debtors' property." *In re Dawson*, 390 F.3d 1139, 1147 (9th Cir. 2004), *citing* H.R. Rep. No 95-595, at 340 (1977) ("The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws . . . [i]t stops all collection efforts, all harassment, and all foreclosure actions."). In most circumstances, the automatic stay goes into effect "upon the date of the filing of the petition." *In re Smith*, 876 F.2d 524, 526 (6th Cir. 1989), *citing* 2 Collier on Bankruptcy ¶ 362.03 (15th ed. 1988). The stay does not substantively terminate legal proceedings; rather, it is a procedural maneuver that merely

delays the collection of nondischargeable debts. *Johnson v. JP Morgan Chase Bank*, 395 B.R. 442, 449 (E.D. Cal. 2008).

The rule imposing an automatic stay upon filing of a bankruptcy petition is not unlimited. There are a number of enumerated exceptions to the automatic stay provisions, all of which prevent the automatic imposition of a stay upon filing of a bankruptcy petition. 11 U.S.C. § 362(b); *Penn Terra Ltd. v. Dep't of Envtl. Res.*, 733 F.2d 267, 273 (3d Cir. 1984) ("By excepting an act or action from the automatic stay, the bill simply requires that the trustee move the court into action, rather than requiring the stayed party to request relief from the stay. There are some actions, enumerated in the exceptions, that generally should not be stayed automatically upon commencement of the case, for reasons of either policy or practicality. Thus, the court will have to determine whether a particular action which may be harming the estate should be stayed.").

Actions taken by the debtor may also prevent the imposition of a stay. Section 362(c)(4)(A)(i), in particular, provides that:

> . . . if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under a chapter 7 after dismissal under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case.

Courts have read this to mean that "where a debtor has filed a third bankruptcy case in a one-year period, the automatic stay never goes into effect." *In re Bates*, 446 B.R. 301, 304 (8th Cir. B.A.P. 2011). This provision need not be explicitly called upon by the creditor or debtor to apply and prevent the automatic stay from taking effect; it means that an automatic stay simply does not occur if the debtor has had two or more cases dismissed within the previous year. *Id.* at 305.

**B. Applicability in the Current Case**

Plaintiff Juan Villareal filed Chapter 7 bankruptcy petitions on September 29, 2014 and December 19, 2014. Both petitions were dismissed after Plaintiff failed to file the required documents with the court. These two petitions were filed (and dismissed) within one year of May 11, 2015, the date that Plaintiff filed his third Chapter 7 petition. Under the plain terms of Bankruptcy Code section 362(c)(4)(A)(i), no automatic stay thus took effect on May 11, 2015 and Defendants were not precluded from noticing and conducting a trustee's sale on the subject

property.

Plaintiffs contend that an automatic stay took effect on May 11, 2015 and that Defendants were required to seek permission from the court to lift the stay. But this argument misreads the statutory language of the Bankruptcy Code. The Code instructs that, in the circumstances laid out above, a party in interest may "request" that the court "promptly enter an order *confirming* that no stay is in effect." 11 U.S.C. § 362(c)(4)(A)(ii) (emphasis added). Put another way, a party may, but is not obligated to, request that the bankruptcy court clarify that no automatic stay exists. Such an order is merely a confirmation of an already existing state of affairs—it does not, per the language of the statute, lift or otherwise remove an automatic stay. It only confirms that no automatic stay ever existed.

Nor does Plaintiffs' argument make sense, given the language of the automatic stay statute. The statute's language is mandatory, not permissive: it requires that an automatic stay "*shall* not go into effect upon the filing of the later case." 11 U.S.C. § 362(c)(4)(A)(i) (emphasis added). Plaintiffs' interpretation—that a creditor is required to seek a lifting of the automatic stay—would read this language out of the statute and make the existence of an automatic stay discretionary on the part of the court. This result is plainly disallowed by the plain language of the statute. *In re Jackson*, 184 F.3d 1046, 1051 (9th Cir. 1999) ("When the statutory language is clear and consistent with the statutory scheme at issue, the statute's plain language is conclusive and this Court need not inquire beyond the plain language of the statute.").

Each of Plaintiffs' causes of action in the Complaint is premised on the existence of an automatic stay as of May 11, 2015, a fact that Plaintiffs acknowledge. The **First Cause of Action**, for example, that the "trustee's deed was wrongfully executed, delivered and recorded in violation of U.S.C. § 362(a)," relies exclusively on the asserted violation of the automatic stay. (Complaint ¶ 15, ECF No. 1.) Because no automatic stay existed when the trustee's sale occurred, the First Cause of Action fails as a matter of law.

Similarly, the **Second Cause of Action** alleges that the "trustee's deed . . . is invalid and void/voidable" and the **Third Cause of Action** alleges that "Defendants have no right, title, estate lien or interest in the Property" based solely on the contention that an automatic stay existed at the

time of the trustee's sale. *Id.* at ¶¶ 20, 24. If, as Defendants contend and the Court agrees, no automatic stay ever took effect, then the trustee's deed is valid and Defendants do, in fact, have title to the property at issue. The Second and Third Causes of Action thus must also be dismissed.

The same automatic stay allegations are the basis for the slander of title that Plaintiffs allege in their **Fourth Cause of Action**, are explicitly referenced in the **Fifth Cause of Action**, and allegedly led to the "unfair business practices" alleged in the **Sixth Cause of Action**, and thus they must be dismissed as well. *Id.* at ¶ 39. The Fourth Cause of Action, for instance, which alleges that Defendants have slandered Plaintiffs' title to the property, only makes sense if Defendants had no valid title to the property as a result of an automatic stay.[4] As described above, no automatic stay ever went into effect. Consequently, Defendants did not engage in tortious activity in foreclosing on the property. The Fifth Cause of Action is similarly precluded because the only basis Plaintiffs allege for the breach of the implied covenant of good faith and fair dealing is that "Defendants conducted and participated in a trustee's sale of the Plaintiff's property when it was protected by the automatic stay under U.S.C. § 362(a)." (Complaint at ¶ 39, ECF No. 1.) Finally, Plaintiffs make no substantive allegations about why or how Defendants have engaged in unfair business practices, except to say that Defendants "committed acts of unfair business practices defined by California Business and Professions Code § 17200, et seq. by engaging in acts and practices as alleged above." *Id.* at ¶ 45. Plaintiffs appear to be referring to their earlier allegations that Defendants conducted a trustee's sale shortly after Plaintiff had filed his third bankruptcy petition. As explained above, however, the third bankruptcy petition had no effect and did not impose any automatic stay on foreclosure proceedings. As a result, Defendants did not engage in any wrongdoing in violation of § 17200.[5]

Plaintiffs offer no argument that any of their causes of action can exist if the automatic

---

[4] A slander of title claim requires a showing of a "tortious injury to property resulting from unprivileged, false, malicious publication of disparaging statements regarding the title to property owned by plaintiff, to plaintiff's damage." *Watts v. Decision One Mortg. Co., LLC*, No. 09 CV 0043 JM (BLM), 2009 WL 648669, at *6 (S.D. Cal. March 9, 2009), *quoting Southcott v. Pioneer Title Co.*, 203 Cal.App.2d 673, 676 (1962).

[5] And, in any case, the allegation of unfair business practices lacks the "reasonable particularity" for factual allegations that is required to state a claim under California Business and Professions Code § 17200. *Khoury v. Maly's of Cal., Inc.*, 14 Cal.App.4th 612, 619 (1993).

8

stay did not go into effect at the time of the May 11, 2015 bankruptcy petition. Indeed, they concede that their Complaint, and each of the causes of action therein, relied solely on the existence of an automatic stay.

As laid out above and on the record at the hearing, no automatic stay took effect when Plaintiff filed for bankruptcy on May 11, 2015. Because no automatic stay existed, the Complaint cannot state a claim against Defendants and must be dismissed. No amendment could alter this fact. The failure in the Complaint is not merely that there are inadequate or non-specific facts—it is that the legal effect of the facts alleged is not what Plaintiffs suppose them to be. Leave to amend is thus inappropriate in this instance.

## VI. ORDER

For the reasons set forth above, the Court finds that the Complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). Accordingly, the Motion to Dismiss is GRANTED and the Complaint is DISMISSED WITHOUT LEAVE TO AMEND.

IT IS SO ORDERED.

Dated: **March 7, 2016**　　　　　　　　/s/ *Erin P. Groj*
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE